## MICHAEL LIENAU

*v.*

## CHARLOTTE B. SUMMERFIELD.

A wife, by her will, "constituted" her husband and certain other designated persons "heirs to my entire estate   *   *   *   in such manner, however, that my dear husband, during his lifetime and so long as he pleases, shall be and remain in quiet and undisturbed possession and enjoyment of my entire estate, and may perfectly, freely and without control, do with and dispose of the same without rendering an inventory" &c.—*Held*, that the husband took there-under a life estate in testatrix's lands, with a power to convey the fee.

Bill for specific performance.

*Messrs. Wallis & Edwards*, for complainant.

*Mr. P. Bentley*, for defendant.

THE CHANCELLOR.

This is a bill to compel specific performance of an agreement to buy land, and the question raised by the demurrer is whether the complainant has a good and marketable title to the property. The decision of the question depends upon the construction of the will of the complainant's deceased wife, which was made in Germany, January 25th, 1882, and was proved by him in Hudson county, in this state. The land is in that county. The will is a joint will of the complainant and his wife. It is in the German language. It contains the following, among other provisions:

"And I, the wife, Sarah Francisca Lienau, with the assistance of the retired lieutenant I. Diermissen, *cum curatore ad hunc actum rogato*, likewise constitute my dear husband, Michael Lienau, as well as his children, Louis August and Rudolph Booraem Lienau, also my children and grandchildren, respectively, Peter Bacot (he, however, for the portion hereinafter designated), and the grandchildren, Sarah, Cecile, Mathilda and Lili Bacot (they for the share of their deceased father, John Francis Vacher Bacot), also my son, Michael Lienau, heirs to my entire estate, substituting for all these children, with the exception of Peter Bacot, their legal offspring, in such manner, how-

ever, that my dear husband, during his lifetime, and so long as he pleases, shall be and remain in quiet and undisturbed possession and enjoyment of my entire estate, and may perfectly, freely and without control, do with and dispose of the same, without rendering an inventory or giving a list under oath, and without giving a *cautio usufructuaria* or other security."

The estate given to the husband is not a fee. It is a life estate merely, coupled with a power of disposition. It is an established rule of construction that where in a devise the quantity of the estate of the taker is expressly defined to be for life, and words adapted to the creation of a power of disposal without restriction as to the mode of execution are added, the superadded words will be construed to be the mere gift of a power of disposition. *Downey* v. *Borden, 7 Vr. 460.* In this case the gift to the husband is in terms for life. The power of disposition conferred is not merely such as a life tenant may lawfully exercise over his estate, but it is unlimited, unqualified and absolute. The scheme of the will appears to be to give the surviving husband or wife full and absolute use and enjoyment of and control over the property of the decedent, and at the death of the survivor to give what may remain to the other beneficiaries I see no reason whatever to doubt that the complainant has power to convey the property by good title in fee simple.